**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Eryk R. Escobar, Bar No. 281904
Assistant United States Trustee
Katherine C. Bunker, Bar No. 240593
Trial Attorney
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Blvd., Ste. 1850
Los Angeles, California 90017
Telephone: (213) 894-3326
Facsimile: (213) 894-0276
E-mail: kate.bunker@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**DRITA PASHA KESSLER**,<br><br>Debtor. | Case No. 1:22-bk-11504-VK<br><br>Chapter 11<br><br>**U.S. TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF ALFRED COOPER III IN SUPPORT THEREOF**<br><br>Date:  November 2, 2023<br>Time: 2:00 pm<br>Ctrm: 301 |

TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND OTHER PARTIES IN INTEREST:

The United States Trustee ("U.S. Trustee") objects to the Application for Order Authorizing Debtor to Employ General Bankruptcy Counsel [Docket No. 154] (the "Application").  The Application is seeking approval to employ the Law Offices of Michael Jay Berger (the "Firm") who intends to substitute into the case as general bankruptcy counsel.  The Application states that Drita Pasha Kessler (the "Debtor") will pay the Firm a

1

$50,000 post-petition retainer from debtor-in-possession ("DIP") funds if the Firm's employment is approved. It also states that the Firm "will comply with the appropriate Fee and Employment guidelines in withdrawing any funds from the estate of the Debtor[,]" suggesting that the Firm intends to drawdown on the post-petition retainer pursuant to the U.S. Trustee's Guide To Applications For Retainers, And Professional And Insider Compensation before filing an interim and/or final fee application.

Although there is no provision in the Bankruptcy Code which prohibits post-petition retainers, a post-petition retainer as a condition of employment should only be approved by the court, on a case-by case basis, if the debtor establishes that the proposed terms and conditions of the professional's employment are reasonable. *In re Jefferson Bus. Ctr. Assocs.*, 135 B.R. 676, 679 (Bankr. D. Col. 1992); *see also* 11 U.S.C. § 328(a) (a debtor-in-possession "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment. . . ."). In determining whether a post-petition retainer in chapter 11 is justified, the court should consider the factors addressed in *In re Knudsen Corp.*, 84 B.R. 668, 672-73 (BAP 9th Cir. 1988), which include:

> 1. The case is an unusually large one in which an exceptionally larger amount of fees accrue each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is satisfied that counsel can respond to any subsequent court disallowance of the fees already paid; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

In addition, the court should weigh any special factors which include, but are not necessarily limited to:

> (1) the retainer's economic impact on the debtor's ongoing business operation;
> (2) the retainer's economic impact on the ability of the debtor to reorganize;
> (3) the amount and reasonableness of the retainer; (4) the reputation of [the professional]; and (5) the ability of [the professional] to disgorge such

> payments at the conclusion of the case should [the court] determine that the fees paid to [the professional] are not justified.

*Jefferson Bus. Ctr. Assocs.*, 135 B.R. at 680; *In re Troung*, 259 B.R. 264, 268 (Bankr. D.N.J. 2001). The burden of establishing that the terms of the retention are reasonable is on the moving party.

Here, the Application fails to discuss any of the *Knudsen* factors, or any special circumstances. Rather, it states that the post-petition retainer is justified because the Firm will be assisting the Debtor with requirements of the U.S. Trustee, representing the debtor in three pending adversary proceedings, working with creditors, and filing claim objections and an amended plan. There is nothing unusual about these tasks which are generally performed by general bankruptcy counsel in chapter 11 cases. This is an individual sub chapter V case that is not large with only one active creditor. There has been no explanation provided by the Firm as to what undue hardship this case would put on the Firm if it did not receive the $50,000 post-petition retainer and instead had to wait to receive payment pursuant to an interim compensation award.

In addition, the Application indicates that the source of the post-petition retainer will be DIP funds. The monthly operating reports filed in this case show that since the case's inception, the funds in the DIP accounts have decreased from $244,210 to $182,871.03. Declaration of Alfred Cooper III ("Cooper Dec.") ¶3. To date, the Court has not approved any interim and/or final fee awards. Cooper Dec. ¶4. Thus, the decrease in the DIP accounts have been due to the Debtor's living expenses being more than her monthly income. *Id.* ¶3. In the proposed sub chapter V plan filed by the Debtor in March 2023 [Doc. No. 57] (the "Plan"), the funding of the Plan was to come from cash on hand, which the Debtor had estimated at $200,000, proceeds from the sale of the Texhoma property, revenue from her art sales of $1,500,000 to $1,700,000 during the next 5 years, and other estate claims and causes of action. The Debtor's DIP accounts are already less than $200,000 and the monthly operating reports are not reporting receipts anywhere close to what would need to be listed for the Debtor to have art sales of $1,500,000 to $1,700,000 over the next five years. A

3

further reduction of DIP accounts by $50,000 could have a negative impact on the Debtor's ability to reorganize.

Further, the amount of the Firm's post-petition retainer seems unreasonable. The Debtor's original counsel received a $35,000 retainer. The Firm is now seeking ten months into the case a retainer that is over 40% more. Also, it does not seem fair for the Firm to receive a $50,000 retainer ten months into the case when other professionals who have already performed services, including the sub chapter V trustee, have not been paid.[1] Moreover, the Application is silent about the Firm's ability to disgorge any portion of the post-petition retainer at the conclusion of the case should the court determine that the fees paid to the Firm are not justified.

Based on the foregoing, the Application does not show that the proposed post-petition payment to the Firm is justified. Except for the Application being set for hearing, none of the other legal standards discussed above have been met. Moreover, payment of the proposed $50,000 post-petition retainer from the DIP accounts could have a negative economic impact on the Debtor's ability to reorganize as the monthly operating reports are showing that her income does not even cover her monthly living expenses. There also has been no explanation why the Firm should be able to receive payment on its services by being able to drawdown on the post-petition retainer while other professionals are required to wait. The Firm has not met its burden of establishing that the terms of its retention are reasonable, and thus there is no basis for the Court to approve the post-petition retainer.

Even if the Firm were able to meet the factors discussed above, the U.S. Trustee believes that a 60% holdback in any drawdown on the post-petition retainer is appropriate until a plan is confirmed. The U.S Trustee also would request that the Firm be required to file monthly fee statements if there is any drawdown on the post-petition retainer.

/ / /

/ / /

---

[1] Based on the Plan figures and discussions with the sub chapter V trustee, it is believed that the outstanding administrative fees and costs are at least $75,000. Cooper Dec. ¶5.

4

Based on the foregoing, the U.S. Trustee requests that the Court not approve the post-petition retainer but instead require the Firm to comply with § 331.

Date:   October 19, 2023        UNITED STATES TRUSTEE

  /s/ *Katherine C. Bunker*
            Katherine C. Bunker
            Trial Attorney

**DECLARATION OF ALFRED COOPER III**

I, Alfred Cooper III, declare

1. I am a paralegal specialist with the Woodland Hills, California office of the United States Trustee, and am the paralegal assigned to this bankruptcy case. I have personal knowledge of the facts set forth herein and submit this declaration to put the following documents before the Court.

2. As part of my duties, I review the monthly operating reports filed by subchapter V debtors and have reviewed the monthly operating reports filed by this Debtor.

3. The first monthly operating report filed in this case for January 2023 listed that the Debtor had $244,210 in her DIP accounts. Since the filing of the January 2023 monthly operating report, the balance in the DIP accounts has decreased. The last monthly operating report filed by the Debtor was for August 2023. The August 2023 monthly operating report lists a balance of $182,871.03 in the DIP accounts. The decrease in the DIP accounts have been due to the Debtor's living expenses being more than her monthly income.

4. I have reviewed the Court's electronic docket for this case. To date, the docket shows that the Court has not approved any interim and/or final fee awards for any of the professionals and sub chapter V trustee.

5. I have been informed by the sub chapter V trustee that as of September 30, 2023, his outstanding administrative fees and costs are approximately $45,865. I have calculated that when those fees and costs are added to the estimated administrative fees and costs in the Plan for the Debtor's original counsel and special litigation counsel minus any prepetition retainer amounts, there are at least $75,000 in administrative fees and costs that remain outstanding.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on October 19, 2023, in Los Angeles, California.

_____
Alfred Cooper III

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): U.S. Trustee's Objection to Application for Order Authorizing Debtor to Employ General Bankruptcy Counsel; Declaration of Alfred Cooper III In Support Thereof
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/19/23, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/19/23, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/19/23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/19/23 | Veronica Hernandez | /s/ Veronica Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                               **F 9013-3.1.PROOF.SERVICE**

**BY NOTICE OF ELECTRONIC FILING**

Michael Jay Berger
michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;
michael.berger@ecf.inforuptcy.com
Shraddha Bharatia    notices@becket-lee.com
Andre Boniadi    aboniadi@bzlegal.com
Katherine Bunker    kate.bunker@usdoj.gov
Robert Paul Goe (TR)    bktrustee@goeforlaw.com,
kwareh@goeforlaw.com;bkadmin@goeforlaw.com;
C187@ecfcbis.com;kmurphy@goeforlaw.com;
rgoe@goeforlaw.com
David C Nealy    david.nealy@limnexus.com,
clement.leung@limnexus.com,mimi.cho@limnexus.com,candice.raub@limnexus.com
Leonard Pena    lpena@penalaw.com,
penasomaecf@gmail.com;
penalr72746@notify.bestcase.com
Brett Ramsaur    brett@ramsaurlaw.com,
alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
James E Till    james.till@till-lawgroup.com,
martha.araki@till-lawgroup.com;
myrtle.john@till-lawgroup.com;
sachie.fritz@till-lawgroup.com
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**SERVED BY U.S. MAIL**

Honorable Victoria Kaufman
21041 Burbank Blvd.
Woodland Hills, CA 91367

Drita Pasha Kessler
6909 Texhoma Ave.
Van Nuys, CA 91406